UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PROGRAM 15 SPORTS, LLC, a Texas limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC, a California limited liability company.<br><br>    Defendant. | Civil Action No. <u>4:23-cv-03199</u> |

## **COMPLAINT**

  Plaintiff Program 15 Sports, LLC ("Plaintiff" or "Program 15") hereby files this Complaint against Defendant Sony Interactive Entertainment, LLC ("Defendant" or "Sony") requesting damages and injunctive relief, and in support thereof alleges as follows:

## **PRELIMINARY STATEMENT**

  1. Defendant has unlawfully and willfully adopted and used Plaintiff's mark FUTURE STARS SERIES to promote its baseball focused goods and services, despite Plaintiff's long-standing prior rights in the identical mark for highly related and/or overlapping goods and services. Plaintiff has been compelled to bring this action for federal and state trademark infringement, federal and state unfair competition, false advertising, and unjust enrichment, because Plaintiff has priority of use of the mark FUTURE STARS SERIES, and because of the likelihood of confusion in the relevant market between Plaintiff's mark and Defendant's infringing use of Plaintiff's mark. Defendant continues to offer and sell goods and services under the mark FUTURE STARS SERIES, thereby willfully infringing Plaintiff's rights in the mark FUTURE STARS SERIES with potential harm to Plaintiff's reputation, potential customers, products, and services.

2.      This is a civil action for:  (i) trademark infringement arising under Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including willful infringement; (ii) use of false designations of origin in commerce and false advertisement, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); (iii) unfair competition, arising under Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a); (iv) trademark infringement under Tex. Bus. & Com. Code § 16.102; (v) unfair competition under the common law of the State of Texas; and (vi) unjust enrichment under the common law of the State of Texas.

3.      Program 15 brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition it has developed in the FUTURE STARS SERIES mark.

4.      Plaintiff seeks injunctive and monetary relief.

## PARTIES

5.      Plaintiff Program 15 Sports, LLC is a Texas limited liability company with its principal place of business at 440 Cobia Drive , Suite 1003, Katy, Texas, 77494.

6.      Upon information and belief, Defendant Sony Interactive Entertainment, LLC, is a California limited liability company, and may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

## JURISDICTION AND VENUE

7.      This action arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. §§ 1331 (federal question), 1338(a) (acts of Congress relating to trademarks), and 1338(b) (pendent unfair competition claims). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendant because Defendant is a California limited liability that transacts, solicits, and does business in Texas, thereby availing itself to the rights and benefits of the laws of Texas including by targeting Texas customers for its goods and services and engaging in systemic and continuous contacts with the State of Texas; because Defendant has infringed Plaintiff's Mark in this District; and because Defendant continues to infringe Plaintiff's Mark in this District. Specifically, Defendant's computer game featuring the infringing mark features Texas baseball teams and, on information and belief, has computer game users in Texas.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because at least a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

10.     Plaintiff was founded by Jeremy Booth ("Booth") in 2016.

11.     Over the course of a near two decade career in baseball as a player, coach and scout, Booth has built an unmatched reputation in the baseball community. Booth has a high-profile baseball presence; he is a published author of *Inside the Mind of a Scout: What Every Parent Wishes They Knew About the Major League Scouting Process* and appears regularly on CBS TV as a baseball analyst for KHOU 11 in Houston and co-hosts the Extra Bases Podcast, with a national reach. As a scout, Booth consulted in the player development and scouting departments for Major League organizations, including the Minnesota Twins, the Milwaukee Brewers, and the Seattle Mariners, where he signed players who went on to have major national and international exposure and professional success.

12.     Booth's baseball career led him to witness the evolution of great success for many players, but also led him to witness how much more undeveloped raw talent was left behind –

whether it be for reasons of economic disparity, mismanaged expectations, or basic neglect simply because a player did not fit the mold. Witnessing the raw, undeveloped talent left behind, Booth became inspired to change the trajectory for those players. With the passion and drive that earned him the respect of the amateur baseball player evaluation and development world, Booth left professional baseball in 2016 and founded Program 15.

13.     Program 15 is an organization dedicated to the vision of identifying the talented amateur players who would otherwise slip through the cracks of the traditional amateur baseball showcase process. Since its founding, Program 15 has provided amateur baseball players across all economic levels an opportunity to reach their full potential by offering training, development, and guidance of former players, scouts, and coaches under the trademark FUTURE STARS SERIES. The FUTURE STARS SERIES provides and has since emerged as the gold standard for player identification and development events in the amateur baseball world.  As a part of this vision, the FUTURE STARS SERIES trademark has also been used in commerce, not only for the baseball training, development and scouting services but also as a source-identifier for entertainment events such as games and tournaments for the public at large.  In connection with all these events, FUTURE STARS SERIES is prominently depicted at the events and on collateral materials such as programs, scouting reports, gear and clothing. Specifically, marketing materials, including programs and rosters, promoting FUTURE STARS SERIES events were displayed as early as August 2016 in advance of the first FUTURE STARS SERIES event, and later such collateral materials were also featured and sold regularly at events. For example, clothing bearing the FUTURE STARS SERIES mark was first made available for sale and sold in December 2016.

14.     Booth's vision, realized in Program 15, has attracted the interest and involvement of several former Major League Baseball ("MLB") players and Hall of Famers.  Program 15 is led

by a staff of Major League All-Stars and World Series veterans, and has grabbed the attention of over 100 of the most respected organizations and or individuals in amateur baseball who serve as Program 15 Regional Directors and Partners. Since its founding, Program 15 has become known as the premier program for high school baseball athletes nationwide, showcasing and developing promising and talented amateur players. Under the FUTURE STARS SERIES mark, Program 15 has organized events, tournaments, scouting opportunities, coaching development, training and offered related goods and services including clothing, memorabilia, souvenirs, information and the like, and received significant promotion and recognition through advertising, broadcasting and other promotions, such that the FUTURE STARS SERIES has achieved significant success and renown among baseball players, fans and the public.

15.    The FUTURE STARS SERIES trademark is promoted widely in a variety of media, including streaming telecasts as well as through its website www.futurestarseries.com ("FSS Website") which has been used since 2016.  Through the FSS Website, Program 15 provides baseball related merchandise, information and other services, including draft reports on top prospects, and links to games and videos, as shown at Exhibit 1, including to the FUTURE STARS SERIES Channel on YouTube.com/@FutureStarsSeries/videos, as shown at Exhibit 2. Championship tournaments are hosted at some of the most historic and legendary stadiums in all of baseball including Fenway Park and Citi Field. Since its founding and first use in commerce in 2016, the FUTURE STARS SERIES was coined by Booth and Program 15, as a unique and distinct name in the sport of baseball.  In connection with all these goods and services, the mark FUTURE STARS SERIES is and has been prominently used and has come to be known as the unique source of the goods and services.

16.     Without a doubt, the FUTURE STARS SERIES has been a successful endeavor that has created significant good will and value in the baseball world at large.  In fact, Plaintiff has had ongoing licensing agreements with at least one major apparel and sporting goods company wherein said company has paid Plaintiff significant consideration to Plaintiff for the right to be affiliated with Plaintiff's FUTURE STARS SERIES.  Such business relationship continues to be strong to this day.

17.     As a further testament to Booth's dedication to his vision, the FUTURE STARS SERIES FOUNDATION was created with one overarching goal – to provide the opportunity for all players regardless of background, financial situation, or location to have the chance that otherwise they would not have been able to afford. The non-profit known as the FUTURE STARS SERIES FOUNDATION provides amateur baseball players with support and resources to overcome those barriers, all while providing opportunities for young players and developing their talent.

18.     Program 15 is the owner of the mark FUTURE STARS SERIES in the United States for use with baseball training, scouting, entertainment services through games and tournaments, and other related goods and service such as collateral materials, programs, scouting reports, cards and NFTs, gear, clothing and the like. Relatedly, Program 15 is the owner of the mark  FUTURE STARS SERIES FOUNDATION in the United States for use of it in connection with charitable services and fundraising.

19.     In addition to the long standing common law rights in the FUTURE STARS SERIES trademark, Program 15 also owns several trademark applications for the mark FUTURE STARS SERIES ("Plaintiff's Mark" or "FUTURE STARS SERIES Mark"), and variants thereof. For example, Program 15 filed U.S. Trademark Application No. 98/102,331 (the "Application")

on July 26, 2023 for the mark FUTURE STARS SERIES ("FUTURE STARS SERIES Mark")

claiming use in commerce of the mark for various class 41 services. The goods and services of the

Application, as indicated by the attached at Exhibit 3, include:

> Class 9: downloadable software for non-fungible tokens and crypto collectibles including for financial transactions, exchange services, trading, storing, tracking and maintaining a registry; crypto collectibles and currency hardware wallets; Downloadable image and multimedia files containing sports information and trading cards authenticated by non-fungible files (NFTs); downloadable computer programs for data storage; apps for information about sports and athletes; Downloadable photographs relating to sports and athletes authenticated by non-fungible tokens (NFTs); Downloadable video recordings featuring sports and athletes authenticated by non-fungible tokens (NFTs); video recordings; pre- recorded digital media featuring sports and athletes; downloadable electronic publications; downloadable series of images, animations, GIFs and files; computer games.

> Class 16: photographs, printed materials, game cards, programs, line up cards, booklets, brochures, trading cards, written training materials, scouting reports, informational brochures; printed collector cards; Printed sports and tournament schedule cards; printed and plastic baseball card holders.

> Class 25: clothing, footwear, headwear.

> Class 35: Providing an online marketplace for buyers and sellers of crypto collectibles, clothing, sporting goods, collectibles, sports memorabilia and accessories, printed materials, souvenirs; Providing an online marketplace for buyers and sellers of blockchain-based non-fungible assets; operating on-line marketplaces featuring crypto collectibles and blockchain-based non-fungible assets; Provision of an online marketplace for buyers and sellers of downloadable digital goods authenticated by non-fungible tokens (NFTs); Maintaining a registry of digital assets, digital collectibles, NFTs and sports memorabilia; administration, organization and operation of crypto collectible and cryptocurrency platforms.

> Class 36: Charitable fundraising; Charitable services, namely, fundraising services by means of organizing special events for helping those affected by natural disasters; Issuing crypto collectibles, cryptocurrency and tokens of value; cryptocurrency, crypto collectible, virtual currency, digital assets and financial transfers, trading and transactions, and financial services related to the foregoing; providing information related to cryptocurrency, crypto collectible, virtual currency, digital assets.

> Class 41: Entertainment in the nature of baseball games; Organizing and hosting events for the evaluation of the athletic performance of baseball players by coaches and scouts through individual skill assessments and testing; athletic training and instruction in the field of baseball, and distribution of course materials; Providing entertainment information in

the fields of baseball via a website; Providing a website featuring information in the field of baseball; Entertainment in the nature of baseball games; Organizing exhibitions for sporting purposes; Organizing, conducting and operating baseball tournaments; Sports training services; Entertainment services, namely, organizing and conducting baseball games rendered live and recorded for the purpose of distribution through broadcast media; Entertainment services, namely, providing an on-line virtual environment for trading virtual sports trading cards and tokens; Providing electronic publications and written materials; Entertainment services, namely, providing a multimedia program series featuring sports and athletes distributed via various platforms across multiple forms of transmission media; Providing on-line non-downloadable virtual goods, namely, digital art, photographs, videos, or audio recordings featuring sports information and athletes; Providing online non-downloadable virtual goods authenticated by NFTs.

Class 42: Creation of online retail stores for others in the nature of web-based service that allows users to create hosted crypto collectible and blockchain-based non-fungible token stores; Providing a web site featuring technology that enables internet users to create, bookmark, annotate, and publicly share data; Providing a members-only website featuring technology which provides members with the ability to access multiple databases for the purpose of purchasing crypto collectible and blockchain-based non-fungible tokens; Providing a website featuring technology that enables users to generate printable crypto-collectibles and cryptocurrency wallets; providing a website featuring technology that enables users to generate printable crypto collectibles and cryptocurrency wallets; consulting, electronic storage and authentication for crypto collectibles and cryptocurrency; hosting a website enabling users to view, buy, trade and sell digital assets; providing non-downloadable computer software relating to digital assets; non-downloadable software and SAAS/PAAS for non-fungible tokens and crypto collectibles including for financial transactions, exchange services, trading, storing, tracking and maintaining a registry; computer programs for data storage; software for games; computer services, namely, creating an on-line community for members to participate in discussions, form virtual communities, and engage in social networking featuring user-generated content, cryptocurrency, digital currency, digital tokens, non-fungible tokens, digital collectibles, digital assets, sports and entertainment.

Of the above goods and services, as described above, Program 15 has been prominently using the FUTURE STARS SERIES Mark in commerce for many of the goods and services including class 41 entertainment and event services, tournaments, training, along with clothing, footwear and headwear in class 25, and printed materials programs, collector cards, game cards, NFTs and scouting reports (collectively the "FUTURE STARS SERIES Goods and Services"). Examples of these uses are attached at Exhibit 4. Program 15 has also filed trademark applications for various other FUTURE STARS SERIES variants such as FUTURE STARS SERIES REGIONAL

COMBINE, FUTURE STARS SERIES CARIBBEAN CLASSIC, FUTURE STARS SERIES DIGITAL, and Program 15 uses FUTURE STARS SERIES in numerous other forms.

20.     Program 15 also filed an application for the mark FUTURE STARS SERIES FOUNDATION ("FUTURE STARS SERIES FOUNDATION Mark") on July 26, 2023, U.S. Trademark Application No. 98/102,347 (the "Foundation Application"), claiming use in commerce since at least as early as December 2019 for charitable fundraising and charitable services, as indicated by the attached at Exhibit 5.

21.     Apart from the FUTURE STARS SERIES Goods and Services, the Application also includes other goods and services, reflecting the modernization of the game of baseball and other technological trends such as: downloadable software for non-fungible tokens and crypto collectibles; downloadable photographs and files containing sports information and trading cards authenticated by non-fungible tokens (NFTs); apps for information about sports and athletes; video recordings; pre-recorded digital media featuring sports and athletes; downloadable electronic publications; downloadable series of images, animations, GIFs and files; downloadable computer games ("Class 9 Goods"); and websites/online services/software related to buying and selling digital assets and for crypto collectible and blockchain-based non-fungible token stores, and related authentication services; non-downloadable/SAAS software for games; and other computer services including an on-line community for members to participate in discussions and engage in social networking related to digital assets, sports and entertainment ("Class 42 Services"). Such Class 9 Goods and Class 42 Services all feature baseball, or are intended to, and are a logical extension of the FUTURE STARS SERIES Goods and Services. In fact, many of the Class 9 Goods and Class 42 Services reflect an "updated medium" of the FUTURE STARS SERIES Goods and Services, for example, in the way written materials, trading cards and other goods are

now offered with modern trends towards digitalization.   As such, many of the Class 9 Goods and Class 42 Services are substantially identical and within the normal evolution of the FUTURE STARS SERIES Goods and Services (collectively referred to as "Program 15 Goods and Services").

22.     Program 15 has devoted significant marketing, advertising, and financial resources to developing and establishing in the minds of consumers that FUTURE STARS SERIES signifies Program 15's Goods and Services, including through use and promotion of Plaintiff's Mark on its website at https://futurestarsseries.com/.  Program 15 also offers many of its goods and services from its websites at https://futurestarsseries.com and the Foundation services are offered through various means including https://futurestarsseries.org. As a result of these efforts, the FUTURE STARS SERIES Mark is widely recognized by the consuming public as a designation of source for Program 15 Goods and Services and has acquired distinctiveness and secondary meaning. Program 15 has promoted the FUTURE STARS SERIES Mark to customers and prospective customers globally, as illustrated on its website at Exhibit 1.

23.     Defendant acquired no rights in the Mark before Program 15 began use in commerce of the FUTURE STARS SERIES Mark in the United States. Defendant has not filed an application to use the mark FUTURE STARS SERIES or any variant thereof. Program 15, however, has used the Mark in commerce at least as early as August 2016 and Plaintiff's Mark acquired distinctiveness prior to Defendant's adoption and improper use of the mark.

24.     Program 15 has used the FUTURE STARS SERIES Mark exclusively and extensively in connection with Program 15 Goods and Services and long before Defendant commenced any use of the designation FUTURE STARS SERIES.

25.     The FUTURE STARS SERIES Mark is distinctive, well-known, and widely recognized by the consuming public as a designation of source, and specifically as a designation of source of Program 15 Goods and Services.

26.     Booth and Program 15 have expended substantial time, effort, resources, and creative energies towards creating goodwill in the FUTURE STARS SERIES Mark, and in establishing the public's recognition of Plaintiff's Mark as the source of Program 15 Goods and Services. As a result of such use and promotion, the FUTURE STARS SERIES Mark has acquired distinctiveness and come to be known by the relevant public as the single source of such services, long before Defendant commenced unauthorized use of the designation FUTURE STARS SERIES.

### DEFENDANT'S WRONGFUL CONDUCT

27.     Defendant offers a baseball video/computer game called "MLB The Show" ("The Show Game").  The Show Game can be played on Xbox, Playstation and Nintendo and is available through download in various locations including the Apple App Store, as shown at Exhibit 6. Recently, and after Program 15's prominent use and renown under FUTURE STARS SERIES, Defendant began referring to The Show Game as "MLB® The Show™ Future Stars Series Program."  Examples of such use on the App Store are below.  According to GameRant Magazine (https://gamerant.com/mlb-the-show-23-editions-rewards-cost-standard-digital-deluxe-captain/), at Exhibit 7, Defendant launched a new version of The Show Game on or about March 2023 using the FUTURE STARS SERIES Mark, with versions of the game costing between $59.99 and $99.99. Defendant began using the FUTURE STARS SERIES Mark to identify its entertainment products and services including the baseball game, and for trading cards and memorabilia of MLB players ("Defendant's Services").   The new version of The Show Game featuring the FUTURE

STARS SERIES Mark has skyrocketed in popularity, adding new features that directly compete with many of the features/products offered by Program 15 under the FUTURE STARS SERIES Mark.  Sports Business Journal, at Exhibit 8, reported The Show Game was the only sports entry in the top 10 of Circana's July 2023 video game sale report. Defendant's Services are identical to and/or overlapping with the Program 15 Goods and Services.  At the time Defendant changed the name of its baseball game to "MLB® The Show™ Future Stars Series Program," considering the renown and exposure of Program 15's FUTURE STARS SERIES, on information and belief, Defendant was aware of Plaintiff and its use of FUTURE STARS SERIES as a trademark to identify its goods/services.

28.      Below are examples of Program 15's use of the FUTURE STARS SERIES Mark in connection with Ricky Tiedemann, Zac Veen, Daniel Espino, Bo Naylor and Grayson Rodriguez, each of whom are also depicted in Defendant's unauthorized use of the Mark:





29.     The following depicts Defendant's unauthorized use of the confusingly similar wording FUTURE STARS SERIES, obtained from Defendant's websites.











The Future Stars Series Program, available in Other Programs, shines a spotlight on up-and-coming players from different franchises.



Further examples of Defendant's unauthorized uses of the mark FUTURE STARS SERIES are attached as Exhibit 9.  These uses prominently showcase Plaintiff's FUTURE STARS SERIES Mark and some of the featured players who were originally developed and identified with Program 15's FUTURE STARS SERIES such as Grayson Rodriguez, Bo Naylor, Zac Veen and Mick Abel.

30.    A review of The Show Game, including the recent version using "Future Stars Series" was described at Videogamer.com, attached at Exhibit 10.  As described in the review, The Show Game refers to the "fun, exciting Future Stars Series as well. For those that might not know, the Future Stars Series honors promising rookies in the MLB or in the Minor Leagues that have the potential to transform into bright talents that can set the stage for the future." The Show Game allows users to select players/teams, participate in events, shop, select cards and programs, participate in drafts, and engage in many of the same Program 15 Goods and Services under the identical mark FUTURE STARS SERIES.

31.    Defendant's use of the identical  mark in connection with same and overlapping goods/services targeted at the identical consumers through the same trade channels as Program 15 constitutes trademark infringement and unfair competition and such use is likely to confuse, and has already confused, the relevant consuming public and others into believing the Defendant is affiliated with or related to Program 15. Defendant's unauthorized use of the FUTURE STARS SERIES also targets up-and-coming players, identical to that of Program 15's use of the FUTURE STARS SERIES Mark.





theshow.com
https://theshow.com › News

The Future Stars Series Program Shines Bright in MLB® ...

Jun 23, 2023 — The **Future Stars Series** Program, available in Other Programs, shines a spotlight on up-and-coming players from different franchises.

32.     Considering the renown of the FUTURE STARS SERIES Mark, and its breadth and exposure in baseball circles, on information and belief, Defendant at least had actual notice of Program 15's use of the FUTURE STARS SERIES Mark and https://futurestarsseries.com/ at the time when Defendant began to use FUTURE STARS SERIES. Program 15 begin using the FUTURE STARS SERIES Mark at least as early as August 2016. Additionally, https://futurestarsseries.com/ is the first search result when conducting an online search of "FUTURE STARS SERIES," as shown at Exhibit 11.

33.     Defendant's aforementioned unlawful acts are intended to, and are likely to, cause confusion as to the source of Defendant's services and, at the same time, harm the reputation of Program 15 and interfere with Program 15's Goods and Services and reputation.   Defendant's aforementioned unlawful acts were willful and made in bad faith.

34.     Defendant's aforementioned unlawful acts have caused, and will continue to cause irreparable harm to Plaintiff and Plaintiff's Mark, and to the business and substantial goodwill represented thereby, and Defendant's unlawful acts will continue to damage Plaintiff unless restrained by this Court.

35.     Plaintiff has no adequate remedy at law.

36.     Upon information and belief, Defendant's continued unlawful and unauthorized use of FUTURE STARS SERIES is willful and intentional. Defendant's use of the Mark improperly suggests a connection with Plaintiff and  uses variants of Plaintiff's Mark. The new name of Defendant's electronic baseball game incorporates the entirety of Plaintiff's Mark, is picked up by online searches for Plaintiff's Mark, as illustrated by Exhibit 11, and is not sufficient to avoid the likelihood of confusion with Plaintiff's Mark or the ongoing instances of consumer confusion. Further, depending on the extent of Defendant's use, there is also a risk that some consumers could

think Defendant, incorrectly, is the authorized or senior user, causing reverse confusion.  As a result of Defendant's recent use of FUTURE STARS SERIES, Plaintiff has received inquiries about any affiliation with The Show Game.

## CAUSES OF ACTION

### COUNT 1 – FEDERAL TRADEMARK INFRINGEMENT

37.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

38.     Defendant has used, and is currently using, the confusingly similar infringing marks in commerce in connection with the sale, offering for sale, distribution or advertising of goods/services that are identical to and/or overlap with Program 15's Goods and Services. Defendant's use of the infringing marks is without the consent of Plaintiff.

39.     Defendant's use of the infringing marks is likely to cause, and has caused, confusion, mistake, or deception as to:

      a.     Defendant's affiliation, connection, or association with Program 15's business; and/or

      b.     the origin, sponsorship, or approval of Defendant's products, services, or commercial activities by Plaintiff.

40.     As described above, Plaintiff has been damaged by Defendant's use of the infringing marks and is likely to be further damaged by Defendant's continued use of the infringing marks. In particular, Defendant's use of the infringing marks is likely to cause Program 15's Mark to lose its significance as an indicator of origin.

41.     Upon information and belief, Defendant adopted and first used colorable imitations of, and designations substantially identical to Program 15's Mark with full knowledge of Plaintiff's rights. Therefore, Defendant has willfully infringed such rights.

42.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not entitled to in law or equity.

43.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

44.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

45.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to damages in an amount to be proven at trial.

## COUNT 2 - FALSE DESIGNATION OF ORIGIN/ FALSE ADVERTISING

46.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

47.     Defendant's promotion, advertising, distribution, importation, sale, and/or offering for sale of products and services using marks that infringe the Plaintiff's Mark, together with Defendant's use of other indicia associated with Plaintiff, is intended to, and is likely to, confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's infringing products and/or services, and is intended, and is likely to cause such parties to believe in error that the infringing products and/or services have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff.

48.     The acts of Defendant complained of herein constitute the use of false designations of origin in commerce, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

49.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains that they are not entitled to in law or equity.

50.     Upon information and belief, Defendant intends to continue their infringing acts, unless restrained by this Court.

51.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

52.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to damages in an amount to be proven at trial and/or recovery of reasonable attorneys' fees and costs incurred herein.

### COUNT 3 - UNFAIR COMPETITION UNDER THE LANHAM ACT

53.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

54.     Defendant's activities as described above constitute unfair competition in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

55.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

56.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

57.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT 4 - COMMON LAW TRADEMARK INFRINGEMENT

58.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

59.     Defendant's use of confusingly similar infringing marks infringes on Plaintiff's exclusive rights in Program 15's Mark in violation of Texas common law.

60.     As a direct and proximate result of the unlawful acts alleged herein, Plaintiff has and is continuing to suffer damages, and has suffered and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law, and Defendant has and will continue to profit and receive other benefits.

61.     Defendant's conduct has caused and will continue to cause immediate and irreparable injury to Plaintiff, including its business, reputation, and goodwill, and will continue to damage Plaintiff and deceive the public unless permanently enjoined by this Court.  Plaintiff has no adequate remedy at law and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

62.     On information and belief, Defendant's use of the infringing marks has been intentional, willful, and in bad faith.

## COUNT 5 - COMMON LAW UNFAIR COMPETITION

63.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

64.     Plaintiff and Defendant are competitors, and Defendant offers goods/services that overlap with at least some of Program 15's goods and services.

65.     Defendant's actions as set forth herein are designed to unfairly compete with Plaintiff and constitute unfair competition under the common law of the State of Texas.

66.     Plaintiff has suffered irreparable harm and monetary damages as the direct and proximate result of Defendant's actions.

### COUNT 6 - COMMON LAW UNJUST ENRICHMENT

67.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

68.     Benefits have been conferred upon Defendant by Defendant's unauthorized use of the Plaintiff's Mark.

69.     Defendant has appreciated, accepted, and retained these benefits.

70.     It is inequitable for Defendant to retain these benefits without the payment of value to Plaintiff.

71.     Defendant has been unjustly enriched at the expense of Plaintiff.

72.     Defendant's activities as described above constitute unjust enrichment under the common law of the State of Texas.

### <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against Defendant finding as follows:

A.     That Plaintiff's rights in and to the FUTURE STARS SERIES Mark is valid, enforceable and have been infringed by Defendant;

B.     That Defendant has violated various federal and state trademark laws including at least (i) Section 43(a) of the Lanham Act (15 U. S. C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U. S. C. § 1125(c)); and (ii) has engaged in trademark infringement and unfair competition in violation of the common law of the State of Texas;

C.      That Defendant has willfully infringed the Plaintiff's Mark;

D.      That Defendant, its agents, servants, employees and all persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained from:

      i.   using Plaintiff's Mark or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights; and

      ii.  otherwise infringing Plaintiff's rights in the FUTURE STARS SERIES Mark and competing unfairly with Plaintiff;

E.      That Defendant be required to pay to Plaintiff such damages, statutory or otherwise, together with prejudgment and post-judgment interest thereon, as Plaintiff has sustained in consequence of Defendant's unlawful acts, and to account for and return to Plaintiff any monies, profits, and advantages gained by Defendant;

F.      That Defendant pay to Plaintiff the costs and disbursements of this action, including prejudgment and post-judgment interest thereon, and that reasonable attorneys' fees be awarded to Plaintiff;

G.      That all damages sustained by Plaintiff be trebled and/or enhanced, as appropriate;

H.      That Defendant be required to pay to Plaintiff any and all other damages available under the law;

I.      That, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Defendant deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all infringing articles (including, without limitation, all labels, advertisements, promotional materials, and brochures) within its possession,

custody, or control, either directly or indirectly, that bear the Plaintiff's Mark or any other designation, symbol, or device that is confusingly similar to the Plaintiff's Mark and immediately discontinue use of the infringing imitations;

J.      That Defendant be directed to file with this Court, and serve on Plaintiff within thirty (30) days after the service of any temporary restraining order, and/or preliminary or permanent injunction a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

K.      That Plaintiff be granted such other and further relief as this Court may deem appropriate.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/Isaac Villarreal*
    Isaac Villarreal
    SDTX Bar No. 958226
    Texas Bar No. 24054553
    Basil Umari
    SDTX Bar No. 30472
    Texas Bar No. 24028174
    5 Houston Center
    1401 McKinney St., Suite 1625
    Houston, Texas 77010
    713-904-6900
    ivillarreal@dykema.com
    bumari@dykema.com

    Jennifer Fraser (pro hac vice pending)
    Karen Poppel (pro hac vice pending)
    1100 K St., NW
    Washington, DC 20005
    202-906-8712
    jfraser@dykema.com
    kpoppel@dykema.com

Dated:  August 29, 2023