IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROGRAM 15 SPORTS, LLC, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-03199 |
| | § | |
| SONY INTERACTIVE ENTERTAINMENT LLC | § | |
| | § | |

### DEFENDANT SONY INTERACTIVE ENTERTAINMENT LLC'S ORIGINAL ANSWER

COMES NOW Sony Interactive Entertainment LLC ("SIE" or "Defendant"), Defendant in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Complaint (the "Complaint") and would respectfully show the Court as follows:

### OBJECTION

SIE objects to the form of the Complaint, which violates Federal Rules of Civil Procedure 8(a) (requiring "a short and plain statement of the claim") and 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). SIE denies each and every allegation set forth in Plaintiff's Original Complaint not specifically admitted, denied, or otherwise qualified by this Answer.

### ANSWER

1. Paragraph 1 of the Complaint consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

2. Paragraph 2 of the Complaint consists of legal conclusions; to the extent a response is required, SIE denies the allegations. SIE further notes that the Complaint does not state a claim for false advertisement or for trademark infringement under Tex. Bus. & Com. Code § 16.102 because Plaintiff has failed to plead ownership of a Texas trademark registration and does not state

a claim for unjust enrichment under the common law of the State of Texas because unjust enrichment is a remedy, not a separate cause of action under Texas law.

3. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore, denies them.

4. Paragraph 4 of the Complaint consists of legal conclusions, so no response is required; the Complaint speaks for itself.

5. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore, denies them.

6. SIE admits that it is a limited liability company formed under the laws of California, and otherwise responds that the allegations set forth in Paragraph 6 of the Complaint consist of legal conclusions to which no response is required.

7. Paragraph 7 of the Complaint consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

8. Paragraph 8 of the Complaint consists largely of legal conclusions; to the extent a response is required, SIE denies that it has in any way targeted Texas citizens in a manner giving rise to personal jurisdiction, denies that is has infringed Plaintiff's alleged trademark, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore, denies them.

9. Paragraph 9 of the Complaint is a legal conclusion; to the extent a response is required, SIE denies that any events giving rise to the claims occurred in this District.

10. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore, denies them.

11. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore, denies them.

12. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore, denies them.

13. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore, denies them.

14. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore, denies them.

15. SIE denies that Mr. Booth or Program 15 "coined" the phrase "FUTURE STAR SERIES," denies that the domain name www.futurestarseries.com has been active since 2016, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore, denies them.

16. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore, denies them.

17. SIE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore, denies them.

18. SIE denies that Program 15 owns any trademark rights with respect to those goods that have not been offered for sale in interstate commerce under the alleged trademark, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore, denies them.

19. SIE states that the identified trademark application records speak for themselves, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore, denies them.

20. SIE states that the identified trademark application records speak for themselves, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore, denies them.

21. SIE states that the identified trademark application records speak for themselves, denies that Plaintiff's claimed goods and services reflect an "updated medium" of its scouting reports, denies that Plaintiff's claimed goods and services in Classes 009 and 042 are substantially identical and within the normal evolution of Plaintiff's prior goods and services, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore, denies them.

22. SIE denies that Plaintiff's alleged mark(s) are widely recognized by the consuming public as a designation of source for Program 15 Goods and Services, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore, denies them.

23. SIE admits that it has not filed an application with the U.S. Patent and Trademark Office ("USPTO") for the phrase "FUTURE STAR SERIES," denies that Plaintiff's alleged trademark acquired distinctiveness prior to SIE's commencement of the alleged activity forming the basis for Plaintiff's claims, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore, denies them.

24. SIE denies the allegations of Paragraph 24 of the Complaint.

25. Paragraph 25 largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations of Paragraph 25 of the Complaint.

26. Paragraph 26 largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations of Paragraph 26 of the Complaint.

27. SIE admits that, since 2006, it has offered a baseball simulation video game called "MLB [YY]: THE SHOW" ("MLB THE SHOW"), and that MLB THE SHOW currently is available for Xbox, PlayStation, and Nintendo, and through digital download, SIE denies that Program 15's use of the phrase "FUTURE STAR SERIES" is prominent or has gained renown, denies that it ever referred to MLB THE SHOW as "MLB® The Show™ Future Stars Series Program" or otherwise changed the name of MLB THE SHOW and objects on the ground that Program 15 knows that the allegation is false, states that the cited links speak for themselves and otherwise denies Plaintiff's characterization of them, denies that its use of the phrase "FUTURE STAR SERIES" is substantively different from its prior longstanding use of the phrase, denies that SIE's goods and services are identical and/or overlapping with any goods or services offered by Plaintiff, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore, denies them.

28. SIE denies that it ever required Plaintiff's permission to use the phrase "FUTURE STAR SERIES," and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore, denies them.

29. SIE denies that it ever required Plaintiff's permission to use the phrase "FUTURE STAR SERIES," denies that its use of the phrase creates any consumer confusion, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore, denies them.

30. SIE admits that MLB THE SHOW allows users to select players/teams, participate in events, shop, select cards and programs, and participate in drafts, states that the articles referenced in Paragraph 30 speak for themselves, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore, denies them.

31. Paragraph 31 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

32. SIE denies that Plaintiff's alleged mark has any "renown" or broad exposure, denies that the manner of Plaintiff's use of the phrase FUTURE STAR SERIES is such that SIE would reasonably become aware of it, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore, denies them.

33. Paragraph 33 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

34. Paragraph 34 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

35. Paragraph 35 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

36. SIE expressly denies that it ever referred to MLB THE SHOW as "MLB® The Show™ Future Stars Series Program" or otherwise changed the name of MLB THE SHOW and objects on the ground that Program 15 knows that the allegation is false, states that the cited exhibit speaks for itself and otherwise denies Plaintiff's characterization of the exhibit, and denies that its use of the phrase "FUTURE STAR SERIES" is substantively different from its

prior longstanding use of the phrase. Paragraph 36 of the Complaint otherwise largely consists of legal conclusions; to the extent further response is required, SIE denies the allegations.

37. In response to Paragraph 37 of the Complaint, SIE incorporates by references each and every response and allegation in the preceding paragraphs of this Answer as if fully set forth herein.

38. Paragraph 38 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

39. Paragraph 39 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

40. Paragraph 40 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

41. Paragraph 41 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

42. Paragraph 42 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

43. Paragraph 43 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

44. Paragraph 44 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

45. Paragraph 45 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

46. In response to Paragraph 46 of the Complaint, SIE incorporates by references each and every response and allegation in the preceding paragraphs of this Answer as if fully set forth herein.

47. Paragraph 47 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

48. Paragraph 48 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

49. Paragraph 49 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

50. Paragraph 50 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

51. Paragraph 51 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

52. Paragraph 52 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

53. In response to Paragraph 53 of the Complaint, SIE incorporates by references each and every response and allegation in the preceding paragraphs of this Answer as if fully set forth herein.

54. Paragraph 54 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

55. Paragraph 55 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

56. Paragraph 56 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

57. Paragraph 57 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

58. In response to Paragraph 58 of the Complaint, SIE incorporates by references each and every response and allegation in the preceding paragraphs of this Answer as if fully set forth herein.

59. Paragraph 59 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

60. Paragraph 60 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

61. Paragraph 61 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

62. Paragraph 62 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

63. In response to Paragraph 63 of the Complaint, SIE incorporates by references each and every response and allegation in the preceding paragraphs of this Answer as if fully set forth herein.

64. SIE denies the allegations of Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

66. Paragraph 66 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

67. In response to Paragraph 67 of the Complaint, SIE incorporates by references each and every response and allegation in the preceding paragraphs of this Answer as if fully set forth herein.

68. Paragraph 68 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

69. Paragraph 69 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

70. Paragraph 70 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

71. Paragraph 71 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

72. Paragraph 72 of the Complaint largely consists of legal conclusions; to the extent a response is required, SIE denies the allegations.

73. SIE denies that Plaintiff is entitled to any relief, and specifically denies any and all allegations of the Requested Relief portion of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

74. Pursuant to Fed. R. Civ. P. 8(c), Defendant alleges the following affirmative defenses to Plaintiffs' Complaint:

### First Affirmative Defense

75. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

76. Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, waiver, and/or acquiescence insofar as Plaintiff knew or reasonably should have been aware of

SIE's use of a "Future Stars" formative phrase since at least as early as 2017 but did not make its objections known to SIE until 2023.

### Third Affirmative Defense

77. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### Fourth Affirmative Defense

78. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has engaged in naked licensing, thereby abandoning its alleged trademark(s).

### Fifth Affirmative Defense

79. Plaintiff has engaged in fraud on the United States Patent and Trademark Office, including but not limited to, by filing false Declarations of Use.

### Sixth Affirmative Defense

80. Plaintiff's claims are barred in whole or in part to the extent it lacks standing because it is not the proper owner of the alleged trademark.

### Seventh Affirmative Defense

81. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff stands to have a double or multiple recovery.

### Eighth Affirmative Defense

82. Plaintiff cannot establish that it acquired secondary meaning prior to SIE's first use of the phrase "Future Stars Series."

### Ninth Affirmative Defense

83. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to comply with one or more conditions precedent to the assertion of its claims.

### Tenth Affirmative Defense

84. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff committed a violation of law or public policy, or otherwise used the asserted trademarks in an illegal manner.

### Eleventh Affirmative Defense

85. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to join a necessary party under Fed. R. Civ. P. 19.

### Twelfth Affirmative Defense

86. Venue is not proper in the Southern District of Texas.

### Thirteenth Affirmative Defense

87. Plaintiff is not entitled to increased damages because Plaintiff, who never bothered to notify Defendant that it considered Defendant's use of the phrase FUTURE STARS SERIES to be infringing during the six years preceding the filing of this lawsuit, cannot possibly demonstrate that Defendant's actions were willful or that this action is otherwise an exceptional case.

### Fourteenth Affirmative Defense

88. Defendant's use of the phrase "Future Stars Series" constitutes fair use.

### Fifteenth Affirmative Defense

89. Defendant commenced use of a "Future Star"-formative phrase prior to Plaintiff's claimed first use date.

### Sixteenth Affirmative Defense

90. Defendant's use of the phrase "Future Stars Series" is authorized.

### Seventeenth Affirmative Defense

91. SIE is not responsible for any amount or for any condition resulting from the failure, if any, of Plaintiff to have acted as a similarly situated person of ordinary prudence would have

under the same or similar circumstances in eliminating or reducing the effects of the damages, if any, that resulted from the incident in question.

## RESERVATION OF RIGHTS

92. Defendant reserves its rights to raise additional defenses and claims as may be discovered during the course of these proceedings.

## JURY DEMAND

93. Defendant hereby demands a trial by jury for all issues so triable.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in their favor against Plaintiff as follows:

a) dismissing the Complaint in its entirety on the merits with prejudice;

b) declaring this an exceptional case and granting to Defendant the costs and expenses of this action, including attorneys' fees; and

c) awarding Defendant such other and further relief as the Court may deem just and proper.

**BAKER & HOSTETLER LLP**

 */s/ Tyler G. Doyle*
Tyler G. Doyle
Texas State Bar No. 24072075
Julia Bennett-Jean
Texas State Bar No. 24106642
811 Main St., Suite 1100
Houston, TX 77002
Telephone: 713-751-1600
Facsimile: 713-751-1717
tgdoyle@bakerlaw.com
jbennettjean@bakerlaw.com

Christina J. Moser (renewal pending)
Key Tower
127 Public Square, Suite 2000

Cleveland, OH 44114
Telephone: 216-621-0200
Facsimile: 216-696-0740
cmoser@bakerlaw.com

**ATTORNEYS FOR DEFENDANT SONY INTERACTIVE ENTERTAINMENT LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2023, the foregoing document was served on the following counsel of record, via the ECF system:

Isaac Villarreal
Basil Umari
Dykema Gossett PLLC
5 Houston Center
1401 McKinney St., Suite 1625
Houston, Texas 77010

Jennifer Fraser (pro hac vice pending)
Karen Poppel (pro hac vice pending)
Dykema Gossett PLLC
1100 K St., NW
Washington, DC 20005

                                                                  */s/ Tyler G. Doyle*