Case 4:23-cv-03199   Document 55   Filed on 02/06/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PROGRAM 15 SPORTS, LLC, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-3199 |
| § | |
| SONY INTERACTIVE § | |
| ENTERTAINMENT, LLC, § | |
|    *Defendant*. § | |

## ORDER

Program 15 Sports, LLC (Program 15) filed a Complaint against Sony Interactive Entertainment, LLC (SIE) alleging trademark infringement in violation of the Lanham Act and Texas common law.[1] ECF 1. Before the Court is SIE's Motion for Rule 11 Sanctions. ECF 34. Having considered the parties' submissions, the record, and the law, the Motion is DENIED without prejudice.

**I.     Background**

Jeremy Booth founded Plaintiff Program 15 in 2016 for the purpose of "identifying the talented amateur players who would otherwise slip through the cracks of the traditional amateur baseball showcase process." ECF 1 ¶13. Plaintiff began using the trademark FUTURE STARS SERIES in connection with its work

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 23.

as early as August 2016.  *Id.* ¶¶13, 32.  Plaintiff has used the website www.futurestarseries.com since 2016.  Booth also created the FUTURE STARS SERIES FOUNDATION to provide support and resources to young players to help them overcome financial and other barriers and develop their talent.  *Id.* ¶17.  Program 15 alleges that it is the common law owner of the mark FUTURE STARS SERIES "for use with baseball training, scouting, entertainment services through games and tournaments, and other related goods and service such as collateral materials, programs, scouting reports, cards, and NFTs, gear, clothing and the like." *Id.* ¶18.  Program 15 alleges it is the common law owner of the mark FUTURE STARS SERIES FOUNDATION "for use in connection with charitable services and fundraising."  *Id.*  Program 15 has filed applications with the United States Trademark office for multiple variants of the mark FUTURE STARS SERIES for use in connection with a variety of baseball related goods and services.  *Id.* ¶¶19-21.

Defendant SIE sells the popular video/computer game called "MLB The Show."  Plaintiff alleges in its August 2023 Complaint that SIE "recently" and "after Program 15's prominent use and renown under FUTURE STARS SERIES," changed the name of the game to "MLB® The Show™ Future Stars Series Program." *Id.* ¶27.  Plaintiff alleges numerous other ways SIE incorporated the mark FUTURE STARS SERIES into the game and the marketing of the game.  *Id.* ¶¶27-29.  Plaintiff contends that Defendant's use of the mark FUTURE STARS SERIES

2

infringes on its trademark rights, is causing customer confusion as to the source of SIE's services, and is harming Program 15's reputation and goodwill. *Id.* ¶¶33-34.

SIE denies Program 15's allegations and asserts that the factual allegations in the Complaint regarding SIE's first use of the mark and that SIE changed the name of the game in 2023 are false. *See* ECF 11; ECF 34. SIE contends that "since 2016, 'Future Stars' within MLB: The Show is used to describe what is at most a minor feature or subprogram within a highly complicated ecosystem of playing modes, programs, player series, and game assets that focuses on the future stars of baseball." ECF 34 at 12.

## II. Rule 11 Standards

Federal Rule of Civil Procedure 11(b) provides:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--***an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances***:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(emphasis added). Reasonableness under Rule 11(b) is an objective test. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 529 (5th Cir. 1992). Rule 11(c)(1) authorizes a court to impose sanctions on any attorney, law firm, or party that violates Rule 11(b). A court may impose sanctions upon motion, which must be made separately from any other motion and after an opportunity for the challenged filing to be withdrawn, or upon its own initiative after issuing a show cause order. FED. R. CIV. P. 11(c)(2), (3); *see also Kennard L. P.C. v. United Airlines, Inc.*, No. 23-20430, 2024 WL 3717272, at *3 (5th Cir. Aug. 8, 2024) (explaining the procedural safeguards of Rule 11).

    The decision to invoke Rule 11 and accompanying sanctions is discretionary. *Am. Airlines, Inc.*, 968 F.2d at 529; *Kennard L. P.C.*, 2024 WL 3717272, at *2. "A district court abuses its discretion when it bases its Rule 11 ruling on 'an erroneous view of the law or a clearly erroneous assessment of the evidence.'" *Kennard L. P.C.*, 2024 WL 3717272, at *2 (quoting *Elliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995). Rule 11 sanctions are an extraordinary remedy reserved for the rare and exceptional case that is "*clearly* frivolous, legally unreasonable or without legal foundation or brought for an improper purpose." *Sievert v. Howmedica Osteonics Corp.*, No. 3:18-CV-2175-S, 2020 WL 2507678, at *3 (N.D. Tex. May 15, 2020) (emphasis in original, citations omitted).

4

### III. Analysis

SIE argues the Complaint violates Rule 11(b) because, if counsel had conducted a reasonable investigation before filing the Complaint, counsel would have discovered that SIE did not "recently" change the name of "MLB The Show" to "MLB The Show Future Stars Series Program," and in fact was using the phrase "Future Stars Series" before Program 15 began using it in August 2016. ECF 34.

According to Plaintiff, it became aware of SIE's use of the mark after SIE issued a June 2023 press release stating "The Future Stars Series Program Shines Bright in MLB® The Show™ 23." ECF 39 at 7-8. Plaintiff alleges that after the press release people began approaching Booth to congratulate him on his affiliation with MLB The Show. *Id.* at 11. At that time Program 15's counsel and representatives began an investigation that included:

> (i) online research and searches, as described and reflected, in part, by the Complaint and exhibits thereto, (ii) in person observation of other person(s) playing MLB: The Show and navigating within the MLB: The Show to locate the appearance of the phrase "Future Stars Series," (iii) speaking with persons familiar with MLB: The Show and the video game industry, (iv) reports from others familiar with the game, and (v) attorney-client privileged/work product discussions.

*Id.* at 11-12. Plaintiff determined, based on its investigation, that SIE had used the phrase "Future Stars Series" in 2018 but did not emphasize it as a prominent part of the game until 2023. *Id.* at 12.

Assuming for purposes of the sanctions motion that the evidence will ultimately show that SIE it used the phrase "Future Stars Series" in connection with MLB The Show before Booth ever founded Program 15, SIE is not entitled to Rule 11 sanctions on that basis, at least not at this point in time. The fact that Plaintiff's factual allegations may ultimately be proven wrong does not constitute a Rule 11 violation. *See Smith Int'l, Inc. v. Texas Com. Bank*, 844 F.2d 1193, 1199 (5th Cir. 1988) (holding "Rule 11 does not make the signature on a pleading or other covered document an absolute guarantee as to the correctness of the theory of law on which it is grounded, but only that "reasonable inquiry" has been made in that respect."); *see also ICOMM Techs., Inc. v. LG Elecs. Mobilecomm U.S.A.*, Inc., No. 2:05-CV-535, 2006 WL 8440723, at *2 (E.D. Tex. Aug. 1, 2006) (stating "Rule 11 requires a reasonable investigation – this allows for possible mistakes and for a certain amount of leeway in reaching conclusions."). In addition, Program 15's use of the word "recent" to describe when MLB allegedly started incorporating "Future Starts Series" into the name of the game is not a sanctionable "false" statement given the inherent indefiniteness of the word "recent." *See* ECF 39 at 18 (providing dictionary definitions). The substantive import of the allegation is that SIE prominently emphasized the mark "FUTURE STARS SERIES" in the 2023 version of the game. ECF 1 ¶31. A person unfamiliar with the game viewing the June 23, 2023 heading on the website https://theshow.com, depicted at ECF 1 ¶ 31, might reasonably

assume that "The Future Stars Series Program" was the name of a new game. And, as noted above, Rule 11 is not designed to sanction counsel for mistakes. *ICOMM Techs., Inc.*, 2006 WL 8440723, at *2.

In sum, Rule 11(b) requires counsel to have conducted an objectively reasonable investigation before filing suit. The Court finds Program 15 has satisfied this standard. *See* ECF 40 (Declaration of Isaac Villareal). The Court is not prepared to make a ruling on the merits of Plaintiff's infringement claims at this stage of the litigation. At the merits of the case stage of the litigation, the Court will reconsider any request for attorney's fees, either as a renewed motion for sanctions under Rule 11 or as a motion for an exceptional case finding under 15 U.S.C. § 1117(a).[2]

Plaintiff's counsel is cautioned that if discovery has revealed that any factual allegation in the Complaint is false, he is under an ethical obligation to file an amended complaint. Plaintiff is granted leave to do so within 14 days of entry of this Order.

Defendant is cautioned that it is the normal practice of District Judge Lake to allow only one dispositive motion per party, and this case does not fall within any exception to that practice. Therefore, if SIE files a Motion to Dismiss and it is

---

[2] "[A]n exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an 'unreasonable manner.'" *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citation omitted).

denied, SIE will not be permitted to file a motion for summary judgment on the same subject matter.

## IV. Conclusion and Order

For the reasons discussed above, it is

ORDERED that SIE's Motion for Rule 11 Sanctions (34) is DENIED without prejudice. It is further

ORDERED that Plaintiff may file an Amended Complaint within 14 days of entry of this Order.

Signed on February 06, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge